WO

KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Jones, | No. CV 19-05505-PHX-MTL |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Dennis Jones, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, filed a habeas petition pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's Motion to Access Lexis (Doc. 16).

The Court will deny the Motion.

**I.     Petitioner's Motion**

In his Motion, Petitioner asserts that CO IV Bohuszewicz and Deputy Warden O'Brien advised prisoners that prisoners will no longer have access to Lexis and can no longer draft documents on their tablets due to security threats. Petitioner asserts that "limited access" to Lexis and "drafting" "is necessary" for him to "prosecute his claims." Petitioner requests injunctive relief in the form of an order directed to the Arizona Department of Corrections (ADC) requiring prisoners to have access to Lexis and tablets for drafting.

In Response, the ADC asserts that prisoners at ASPC-Florence East Unit were issued computer tablets for email and recreational purposes and they originally had access

to an online legal library for legal research, but that mechanism was disabled in March 2020 after a prisoner hacked the system. As of March 2020, prisoners still have the tablets for emails, but can longer use the tablets for access to online legal libraries or to draft documents. The ADC asserts that Petitioner still has access to the East Unit library to conduct legal research and draft documents. The ADC asserts that Petitioner's Motion must be denied because he cannot meet any of the elements entitling him to injunctive relief.

**II.     Injunctive Relief Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a

mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

**III.   Discussion**

Petitioner seeks relief unrelated to the claims set forth in his habeas petition. Accordingly, the Court may only grant Plaintiff relief to the extent he asserts that he is being denied access to the courts. *See Pacific Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (unless a claim concerns access to the courts, the Plaintiff must show a nexus between the relief sought and the claims in the lawsuit).

To maintain an access-to-courts claim, a prisoner must submit evidence showing an "actual injury" resulting from the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349

(1996).  With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id*. at 348-49.  Petitioner has not shown a likelihood of success on the merits or irreparable injury as it pertains to an access-to-courts claim.  There is no evidence that Petitioner has faced an unreasonable delay or the inability to file anything in this action, and his statement that "limited access" to Lexis and "drafting" "is necessary" for him to "prosecute his claims" is too vague and conclusory to support an access-to-courts claim.

The ADC presents evidence that Petitioner still has access to the East Unit library where he can conduct legal research and draft documents.  There is no blanket entitlement to access to a legal search engine or a tablet for preparation of documents.  At this time, Petitioner has not shown that his ability to litigate this or any other case has been impeded.  Petitioner has not been prevented from bringing a claim as a result of the alleged conduct.  Thus, Petitioner has not established actual injury.  Accordingly, because Petitioner has not satisfied any elements entitling him to injunctive relief, his Motion will be denied.

**IT IS ORDERED** that Plaintiff's Motion to Access Lexis (Doc. 16) is **denied**.

Dated this 16th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge