**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Jones, | No. CV-19-05505-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Camille D. Bibles' Report and Recommendation ("R&R") (Doc. 18), recommending that the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied. The Court has reviewed the Petition (Doc. 1), Respondents' Response to the Petition (Doc. 11), Petitioner's Reply to the Response (Doc. 14), the R&R (Doc. 18), Petitioner's Objection to the R&R (Doc. 23), and Respondents' Reply to Petitioner's Objection (Doc. 27). Petitioner also filed a Motion for Alternative Dispute Resolution for Remedial Settlement and a Motion for Discovery (Docs. 25, 30). He then filed a supplemental objection, to which Respondents moved to strike. (Docs. 33, 34.) For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R&R.

**I.   BACKGROUND**

A Maricopa County grand jury charged Petitioner as an accomplice to two counts of armed robbery, class-two felonies (Counts 11 and 12); two counts of aggravated assault, class-three felonies (Counts 13 and 14); and misconduct with weapons, a class-

four felony (Count 15).[1] (Doc. 11-1 at 4–8.) Petitioner went to trial on these counts, but the jury could not reach a verdict which led to a mistrial. (*Id.* at 10–12.) After a new trial, the jury found Petitioner guilty on all counts. (*Id.* at 191–96.) The jury also found four aggravating circumstances as to each count: the offense (1) "caused physical injury, emotional or financial harm to the victim," (2) "involved an accomplice," (3) was "committed for pecuniary gain," and (4) "involved multiple victims in a single incident." (*Id.* at 181–89.) The superior court sentenced Petitioner to five concurrent terms in prison, totaling 18 years. (*Id.* at 191–94.)

Petitioner, represented by counsel, appealed his convictions and sentences. (*Id.* at 200–02.) The Arizona Court of Appeals affirmed. *See State v. Jones*, No. 1 CA-CR 15-0579, 2016 WL 4698919 (Ariz. App. Sept. 8, 2016). The Arizona Supreme Court denied review. (Doc. 11-2 at 67.) Petitioner then filed a timely notice of post-conviction relief requesting court-appointed counsel. (*Id.* at 75–76.) The trial court appointed counsel, who ultimately filed a Notice of Completion stating that he could not find any "colorable legal issue that is not frivolous." (*Id.* at 78–79.) Petitioner proceed pro per and filed several post-conviction relief pleadings. (*Id.* at 81–106, 121–47, 224; Doc. 11-3 at 27–93, 118–64; Doc. 11-4 at 60–101.) After considering all the relevant pleadings, the superior court denied relief on all claims. (Doc. 11-5 at 29–30, 32–36.) The Arizona Court of Appeals granted review but summarily denied relief. *See State v. Jones*, No. CA-CR 18-0682 PRPC, 2019 WL 273343 (Ariz. App. Jan. 22, 2019). The United States Supreme Court denied a writ of certiorari. *See Jones v. Arizona*, 140 S. Ct. 838 (2020). Petitioner then timely filed the instant habeas proceedings. (Doc. 1.)

## II.  LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, this Court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews de novo those

---
[1] The grand jury returned a supervening indictment on the five counts mentioned above in January 2014. (*See* Doc. 18 at 2 n.2.)

portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection to a magistrate judge's R&R requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

**III. DISCUSSION**

The Petition raises fifteen claims challenging his convictions and sentences: (1) there was insufficient evidence to convict on the element of intent; (2) Petitioner was denied counsel at a "critical stage of the proceeding"; (3) the jury convicted him based on an unconstitutionally suggestive identification procedure; (4) juror bias; (5) the State erred in amending the indictment and he was not put on notice of the allegations of aggravating factors or prior felony convictions; (6) ineffective assistance of counsel for failing to request a jury instruction on lesser-included crimes; (7) Petitioner's conviction was the "result of a pattern of prosecutorial misconduct, and ineffective assistance of counsel"; (8 & 9) ineffective assistance of counsel because counsel "failed to inform Petitioner of his right to testify and [] counsel failed to present a complete defense"; (10) the prosecutor committed misconduct by using perjured testimony and his counsel was ineffective for failing to impeach certain witnesses about their inconsistent testimony; (11) Petitioner was denied the "right to a unanimous verdict on each element of each offense, and effective assistance of counsel"; (12) counsel was ineffective because counsel "failed to file intentional preaccusation [sic] delay. Speedy trial violation, and time barred indictment violation"; (13) Petitioner was denied the effective assistance of counsel and subjected to prosecutorial misconduct because the prosecutor

"derailed the grand jury from being [independent] and informed by suppressing evidence"; (14) counsel was ineffective for stipulating that Petitioner had a prior conviction and he was denied a fair trial because the court did not perform a colloquy on whether Petitioner stipulated to the prior felony conviction; (15) counsel was ineffective for failing "to challenge the arrest and subsequent evidence as fruits of a poisonous tree [due] to illegal search and seizure." (Doc. 1.) The R&R recommends that the Petition be denied. (Doc. 18.) The R&R concludes that several claims are procedurally defaulted, and others fail on their merits. (*Id.* at 24–50.) Petitioner uses much of his Objection to restate his arguments that he is entitled to relief, but the Court will focus on the specific objections that he asserts to the R&R. (Doc. 23.)

### A.     Grounds 5–11, 14, and 15

Petitioner does not make any specific objections to the R&R's conclusions on Grounds 5–11, 14, and 15. (Doc. 23.) At most, Petitioner reargues his claims generally and contends he is entitled to relief. (*Id.*) As mentioned above, under Rule 72, objections must be "specific . . . to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). Given that Petitioner has not provided any specific objections to these grounds, the Court need not review them. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003). Even if this Court treats any statements in the Petition as general objections, this Court is still not obligated to review those objections. "An obvious purpose for this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'" *Quinn v. Hacker-Agnew*, No. CV-19-08152-PCT-DGC (CDB), 2020 WL 6680401, at *2 (D. Ariz. Nov. 9, 2020) (citations omitted). The Court treats a general objection the same way it would treat a failure to object; the Court is under no obligation to conduct a de novo analysis. *See Martin*, 2014 WL 5432133, at *2. Although it has no obligation to do so, the Court nonetheless has considered these claims and reviewed the R&R. The Court agrees with

the Magistrate Judge and accepts the recommended decision. (Doc. 18.)

### B. Ground 1

Petitioner objects to the Magistrate Judge's recommendation to dismiss Ground 1. (Doc. 23 at 9–11.) Petitioner reasserts his sufficiency of the evidence argument and contends that an "objectively reasonable" review of the state court's dismissal is impossible because the state court offered no reasoning with its decision. (*Id.* at 9.) The Court will address each objection in turn.

"A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). When a state court rejects a sufficiency of the evidence challenge, a federal court may only overturn the decision if it was "objectively unreasonable." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011). This "double dose of deference . . . can rarely be surmounted." *Id.* In considering a sufficiency of the evidence claim, the federal habeas court must assume that the trier of fact resolved any evidentiary conflicts in favor of the prosecution and must defer to such resolution. *See Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Even when the evidence is "almost entirely circumstantial and relatively weak," it may be sufficient to support conviction. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

As the R&R notes, there is ample evidence to support the jury's conviction. (Doc. 18 at 25–26.) Petitioner did not deny driving himself and his co-defendants to the parking lot, parking next to the victims, being present while the crimes were committed, or driving himself and his co-defendants away from the scene. (*See* Doc. 1 at 6; Doc. 3 at 1–15; Doc. 23 at 8–11.) Though there were discrepancies in testimony, the jury was made aware of such issues of credibility and chose to resolve them in the victims' favor. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995) (noting the credibility of witnesses is generally beyond the Court's review of the sufficiency of the evidence). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to "show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013) (internal quotations and alterations omitted). Based on the record, Petitioner has not met, and cannot meet, this burden to prove his sufficiency of the evidence claim.

Next, Petitioner argues that an "objectively reasonable" standard of review cannot be applied if the state court fails to give explicit reasoning for its dismissal. (Doc. 23 at 9.) When the state court's denial of relief fails to note the court's reasoning for denying a claim, a federal court conducts its own "independent review" of the record, as the Court has done here. *See, e.g.*, *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011) (internal citation omitted). On this independent review, the Court applies the AEDPA's deferential standard of review to determine itself if the state court's denial of relief was objectively unreasonable. *Id.* As mentioned above, an independent review of the record shows that Petitioner's claim lacks any merit. Thus, Petitioner's argument is unpersuasive.

The Court agrees with the R&R that Petitioner has failed to prove the state court's denial of relief was objectively unreasonable and Petitioner's objections are overruled. Ground 1 must therefore be denied.

**C.     Ground 2**

Petitioner next objects to the R&R on Ground 2. He argues that he was denied counsel at a critical stage of the proceedings, the *Dessureault* hearing, violating his Sixth Amendment rights.[2] (Doc. 23 at 12–13.) In addition, Petitioner contends that the state courts applied the incorrect standard and should have instead applied the test set forth in *United States v. Cronic*, 466 U.S. 648 (1984).

First, Petitioner's counsel's absence from the *Dessureault* hearing did not violate the Sixth Amendment. Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. His counsel informed the Superior Court that the *Dessureault* hearing did not

---

[2] "The purpose of a Dessureault hearing is to determine if the circumstances surrounding a pretrial identification of the defendant were unduly suggestive so as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Smith*, 123 Ariz. 243, 248 (1979).

apply to Petitioner. (Doc. 11-3 at 104.) Petitioner has never alleged that his counsel failed to thoroughly investigate the law and facts underlying this decision. As the state habeas trial court noted, "it is reasonable for counsel not to want his client exposed to the victims during a hearing thereby solidifying out-of-court identification." (Doc. 18 at 26.) Given the clear strategic decision, Petitioner fails to prove a Sixth Amendment violation. For these reasons, the Court overrules Petitioner's objection.

Second, the state courts were correct to apply the *Strickland* standard. It is true that, in certain circumstances, high risk of prejudice requires a presumption of constitutional error. *Cronic*, 466 U.S. at 659. This includes cases in which a defendant is "denied counsel at a critical stage of his trial." *Id*. There are two reasons why the *Cronic*'s standard does not apply. First, the *Cronic* standard does not apply when a defendant's counsel strategically decides not to attend a hearing, which was the case here. *See, e.g.*, *Bell v. Cone*, 535 U.S. 685, 696–97 (2002) (explaining that *Cronic*'s first prong applies only to defendants who have "actually or constructively been denied counsel by government action"). Second, Petitioner has pointed to no case law to support classifying the *Dessureault* hearing as a "critical stage" of the proceedings. It was therefore proper to apply the *Strickland* test. Petitioner has not shown, and this Court does not find, that the R&R's conclusions on this claim were contrary to, or an unreasonable application of *Strickland*. (Doc. 18 at 26.) Ground 2 must therefore be denied.

**D.     Ground 3**

Petitioner objects to the R&R's conclusion that this claim was procedurally defaulted, arguing the claim was in fact presented to the state habeas trial court. (Doc. 23 at 14.) Reviewing the record de novo, the court agrees with the R&R. (Doc. 18 at 27.) Although Petitioner challenged the method of identification, this concern was not asserted as an independent ground for relief. Rather, it was noted in furtherance of Petitioner's request for relief under Ground 2. (Doc. 11-4 at 88–93.) As noted in the R&R, he has not shown cause or prejudice to excuse this default, especially considering that he never asserts his absence from the crime scene. *See Coleman*, 501 U.S. at 724.

Even if this Court agreed with Petitioner and addressed the merits, his claim still fails. In Arizona, courts apply the *Biggers* factors to determine likelihood of misidentification. *See State v. Moore*, 222 Ariz. 1, 7 (2009). These factors include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation. *Neil v. Biggers*, 409 U.S. 188, 199 (1972). The state court's reliability determination was reasonable given the witness' opportunity to view the criminal and the minimal time that elapsed between the crime and identification. Petitioner has never alleged his absence from the crime scene, and the victims testified he was there. (Doc. 18 at 26.)

Based on a review of the record, Petitioner has not shown, and this Court does not find, that the R&R's conclusions on this claim were contrary to, or an unreasonable application of federal law. (Doc. 18 at 27.) The Court therefore overrules Petitioner's objection and denies relief on Ground 3.

**E.    Ground 4**

Petitioner objects to the R&R's dismissal of Ground 4, arguing that despite the procedural default, Petitioner has successfully established cause and prejudice. (Doc. 23 at 14.) Reviewing the record de novo, the Court agrees with the R&R's conclusion that Petitioner fails to establish that requirement. (Doc. 18.)

When a defendant has defaulted on federal claims in state court, federal review of the claims is barred unless the petitioner can prove either (1) cause for the default and actual prejudice, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 724. A showing of cause "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 479 (1986). To show prejudice, a petitioner must demonstrate "that the errors . . . worked to his *actual* and substantial disadvantage, infecting his entire

1 [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citation omitted) (emphasis in original). The burden is on the petitioner to establish cause and prejudice. *Correll v. Stewart*, 137 F.3d 1404, 1415 (9th Cir. 1998).

Petitioner defaulted this claim by failing to present it before the state appellate court. (Doc. 18 at 27.) While Petitioner argues he has established cause and prejudice, the Court finds that the record does not support that contention. Petitioner has not alleged an independent constitutional violation by the performance of his Rule 32 appointed counsel and mere "ignorance or inadvertence" of counsel does not qualify as "cause." *Coleman*, 501 U.S. at 753. Although *Martinez* created a limited exception to this rule, the exception only applies to claims of ineffective assistance of trial counsel, a claim not implicated here. *Martinez v. Ryan*, 566 U.S. 1, 8 (2012). Because Petitioner has failed to show that "some objective factor external to the defense impeded" his efforts to "comply with the state procedural rule," he fails to show excusable cause for the default. *Murray*, 477 U.S. at 479. Moreover, the Court finds that Petitioner shows no prejudice beyond speculation, much less "*actual* and substantial disadvantage." *White*, 874 F.2d at 603.

There has also been no showing of a fundamental miscarriage of justice. To show a fundamental miscarriage of justice, Petitioner must establish "that under the probative evidence he has a colorable claim of factual innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992). This means the petitioner must establish by clear and convincing evidence that no reasonable factfinder could have found him guilty of the charged offenses. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). As described above, the record is clear that Petitioner cannot meet that high threshold.

Petitioner has not shown, and this Court does not find, that the R&R's conclusions on this claim were contrary to, or an unreasonable application of Federal law. (Doc. 18 at 27–28.) Ground 4 must therefore be denied.

**F.     Ground 12**

The next objection relates to a supposed constitutional violation for ineffective assistance of counsel. Petitioner continues to assert a violation of procedural due process,

the "Federal statute of limitations protection against intentional and prejudicial preaccusation delay," and the Sixth Amendment speedy trial guarantee. (Doc. 23 at 2.) The Magistrate Judge concluded that Petitioner procedurally defaulted this claim and Petitioner does not object to that conclusion. (Doc. 18 at 46; Doc. 23.) The Court therefore need not review the R&R's conclusion on this point. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court nonetheless has reviewed the record and agrees that Petitioner procedurally defaulted on this claim.

The question, then, is whether there is cause and prejudice. *Coleman*, 501 U.S. at 724. As previously noted, the burden is on the petitioner to establish both cause and prejudice. *Correll*, 137 F.3d at 1415. The Court agrees with the R&R that Petitioner has failed to establish cause and prejudice or actual, factual innocence. (Doc. 18 at 28.) The Court therefore overrules Petitioner's objection on this ground and denies relief for Ground 12.

**G. Ground 13**

Petitioner objects to the R&R's dismissal of Ground 13, arguing that R&R's conclusions related to alleged prosecutorial misconduct at grand jury proceedings were contrary to or an unreasonable application of clearly established federal law. (Doc. 23 at 17–21.) Petitioner's arguments are not persuasive.

In Arizona, a county attorney must inform a grand jury that "the defendant has requested to appear or has submitted exculpatory evidence." *Trebus v. Davis in & for Cnty. of Pima*, 189 Ariz. 621, 625 (1997). A county attorney, however, need not present *all* exculpatory evidence to the grand jury if the grand jury does not so request. *Id.* Rather, a county attorney must present "clearly exculpatory" evidence of such weight that it might deter the grand jury from finding the existence of probable cause. *State v. Coconino Cnty. Superior Ct. (Mauro)*, 139 Ariz. 422, 425 (1984) (citing *United States v. Ciambrone*, 601 F.2d 616, 623 (2d. Cir. 1979)).

Although Petitioner argues that his testimony would have been "clearly exculpatory," the Court need not resolve the question. As discussed in the R&R, "reversal

of a conviction after a trial free from reversible error cannot restore to the defendant whatever benefit might have accrued to him from a trial on an indictment returned [without error]." *United States v. Mechanik*, 475 U.S. 66, 71 (1986). Furthermore, "any constitutional error in the grand jury proceedings" is thus "harmless because [defendant] was ultimately convicted of the offenses charged." *Williams v. Stewart*, 441 F.3d 1030, 1042 (9th Cir. 2006). The case law is therefore clear that Petitioner's Ground 13 claim cannot survive. The Court therefore denies this claim.

### H. Miscellaneous Motions

Before the Court are also three motions. (Docs. 25, 30, 34.) Petitioner filed the first two—a Motion for Alternative Dispute Resolution for Remedial Settlement and a Motion for Discovery. (Docs. 25, 30.) Respondents oppose Petitioner's motion for dispute resolution. (Doc. 28.) The Court agrees with Respondents' position that Petitioner's request for a settlement conference is untimely and futile. (*Id.* at 3.) This request is untimely because Petitioner raises this, supposedly for the first time, after years of litigation and after Magistrate Judge Bibles has issued her R&R. *See* 28 U.S.C. § 652(a); LRCiv 83.10. The Court agrees with the Respondents' position that any settlement conference at this time would be futile given the stage of this litigation. Petitioner also filed a Motion for Discovery. (Doc. 30.) The Court has reviewed the Motion for Discovery and finds no basis to order discovery. The Court therefore denies both of Petitioner's motions. (Doc. 25, 30.)

Petitioner then filed a Supplemental Objection over two months after his original objections were due. (Doc. 33.) Respondents moved to strike this supplement as untimely. (Doc. 34.) Petitioner did not respond. *See Currie v. Maricopa Cnty. Cmty. Coll. Dist.*, 2008 WL 2512841, at *2 n.1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion . . . .") (citing LRCiv 7.2(i)). The Court agrees with Respondents and grants the Motion to Strike (Doc. 34). *See Akinola v. Kline*, No. CV-17-02975-PHX-DJH, 2018 WL 3094174, at *1 (D. Ariz. June 22, 2018) (striking a habeas petitioner's supplemental

objection "as being non-compliant with the Local Rules"). The Court, however, notes that even if it were to consider this supplement, it would not impact this Court's decision.

### I. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon its own review of the record considering the standards for granting a certificate of appealability, the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation (Doc. 18).

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FURTHER ORDERED denying** Petitioner's Request for Alternative Dispute Resolution for Remedial Settlement (Doc. 25).

**IT IS FURTHER ORDERED denying** Petitioner's Motion for Discovery (Doc. 30).

**IT IS FURTHER ORDERED granting** Respondents' Motion to Strike (Doc. 34).

///

///

1 **IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 1st day of July, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge